UNITED STATES *v.* ADLER-JONES CO. (No. 3541)[1]

United States Court of Customs and Patent Appeals, January 23, 1933

*Charles D. Lawrence,* Assistant Attorney General (*Philip Stein,* special attorney, of counsel), for the United States.
*James R. Ryan* for appellee.

[Oral argument December 8, 1932, by Mr. Lawrence and Mr. Ryan]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

A representative exhibit of the merchandise involved in this suit consists of a figure in the nature of a manikin representing the form and features of "Mr. Jiggs," as depicted in the comic strips of the well-known cartoonist, McManus. The figure, some 3½ or 4 feet in height; is, apparently, intended to be used as a display figure in show windows and other public places for advertising purpose. It is clothed in trousers, coat and waistcoat, cut in the style familiar to readers of "Bringing up Father."

There is no proof in the record as to the nature of the material composing the body of the figure but an inspection of it indicates that it is papier-mâché or something of that nature. It is equipped with a concealed mechanism which can be wound with a key and which, by means of a spring and a pendulum arrangement, causes the body and head to swing or rock back and forth.

---

[1] T. D. 46231.

The collector describes the merchandise as "moving display figures operated by clockwork mechanism." It was classified for duty under paragraph 368 (a) of the Tariff Act of 1930, the pertinent portions of which read:

PAR. 368. (a) Clocks, clock movements, including lever movements, clockwork mechanisms, time-keeping, time-measuring, or time-indicating mechanisms, devices, and instruments, * * * and any mechanism, device, or instrument intended or suitable for measuring time, distance, speed, or fares, or the flowage of water, gas, or electricity, or similar uses, or for regulating, indicating, or controlling the speed of arbors, drums, disks, or similar uses, or for recording or indicating time, or for recording, indicating, or performing any operation or function at a predetermined time or times, all the above (except the articles enumerated or described in paragraph 367), whether or not in cases, containers, or housings:

    (1) * * * valued at more than $10 each, $4.50 each;
    (2) any of the foregoing shall be subject to an additional duty of 65 per centum ad valorem; * * *.

The importer protested, but in its protest claimed as alternatively applicable certain paragraphs stated to be paragraphs of the Tariff Act of *1922*. The paragraphs so named are Nos. 372, 1403 and 1513. Before the court below counsel for the importer apparently pressed only paragraph 372 of the act of 1930. That was the only paragraph discussed in the trial court's opinion and is the only one relied upon before us. The contention being so limited, the Government brief announces its agreement that the date, 1922, be considered as a clerical error, and that the issue be treated as lying between paragraph 368 (a), *supra*, and paragraph 372, both of the Tariff Act of 1930. The material part of paragraph 372 reads:

PAR. 372. Reciprocating steam engines * * *; all other machines, finished or unfinished, not specially provided for, 27½ per centum ad valorem; * * *.

The trial court sustained the protest, holding that the articles do not come within the purview of paragraph 368 (a), *supra*, but that they do meet the definition of a machine as stated by this court in the case of *Simon, Buhler & Baumann (Inc.)* v. *United States*, 8 Ct. Cust. Appls. 273, T. D. 37537, viz, a—

mechanical contrivance for utilizing, applying, or modifying energy or force, or for the transmission of motion.

The Government thereupon appealed.

Without entering into any lengthy discussion of the issue, we state that, while inclined to agree with the trial court that the figure is not properly classifiable under said paragraph 368 (a) by reason of any language therein used, we, at the same time, find ourselves unable to agree that this is such a machine as is provided for in paragraph 372, *supra*. It is not a machine in the sense of that paragraph. The definition given in the *Simon, Buhler & Baumann* case, *supra*, is quite broad, and it must be applied under the limitations made nec-

essary by the facts of any case in which its application is sought. Entirely applicable in that case because of the nature of the article at issue, for that very reason it is not applicable here.

The mechanical device which causes the swinging or rocking of the body and head is but a small part of the figure and affects only a portion thereof. The article, we think, must be considered as a whole, no language of the tariff act being found which suggests any other method of treatment.

When so considered we do not think the figure meets the definition of "machine" as that term is commonly and commercially used and understood and as it was applied in the *Simon, Buhler & Baumann* case, *supra*.

We are unwilling, upon the meager record before us, to undertake an adjudication of what particular paragraph may be applicable to this merchandise. Since, however, we must hold that it does not fall under paragraph 372, *supra*, it follows that, under the well-settled rule, the classification of the collector in this particular case must stand.

The judgment of the United States Customs Court is *reversed*.